**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PACE INDUSTRY UNION-MANAGEMENT PENSION FUND,** *et al.*, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Case No. 3:11-cv-00148** |
| **KING SOOPERS, INC.,** | ) ) ) | **Judge Trauger** |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the court is the defendant's Motion to Change Venue (Docket No. 21), to which the plaintiff has filed a response in opposition (Docket No. 29). For the reasons discussed below, the defendant's motion will be denied.

**BACKGROUND**

The plaintiff pension fund, Pace Industry Union-Management Pension Fund (the "Fund")[1], alleges that the defendant, King Soopers, Inc. ("King Soopers"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by making delinquent contributions. (*See* Docket No. 1.)

The Fund is administered in Nashville, Tennessee. All of the Fund's relevant employees and all of the documents held by the Fund are located in Nashville. (Docket No. 30 ¶¶ 4-5 (declaration of Maria Wieck, the Fund's administrative officer).) King Soopers is a grocery

---

[1] The Fund's trustees are also plaintiffs in this action. In this Memorandum, the court will refer to the Fund and its trustees collectively as "the plaintiff" or "the Fund."

store chain that has all of its stores in Colorado, except for one in Wyoming.[2] Its administrative offices, as well as the relevant documents in its possession, are also located in Colorado. (Docket No. 21, Ex. 1 ¶ 4 (declaration of Steve Marquez, King Soopers' payroll manager).) The Fund began suspecting that King Soopers was delinquent on its pension contributions after a 2007 review of the relevant payroll and contribution records. The auditors who conducted that review were located in Bethesda, Maryland. (*Id.* ¶¶ 7-8; Docket No. 30 ¶ 9.)

The defendant has filed a Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a), arguing that the District of Colorado is a more appropriate venue than the Middle District of Tennessee.

## **ANALYSIS**

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[3] 28 U.S.C. § 1404(a). With that statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).

When ruling on a § 1404(a) motion to transfer, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential

---

[2] King Soopers, Inc. is a trade name for Dillon Companies, Inc., which is a Kansas corporation. (Docket No. 21, Ex. 1 ¶ 3.)

[3] The parties agree that the Fund could have brought this action in the District of Colorado.

witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The Sixth Circuit has suggested that relevant factors to be considered include: (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Courts also consider, and give some degree of deference to, the plaintiff's choice of forum. *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008); *Winnett v. Caterpillar Inc.*, No. 3:06-cv-00235, 2006 U.S. Dist. LEXIS 95973, at *7 (M.D. Tenn. June 20, 2006). The defendant has the burden to establish that transfer is warranted, and, in meeting that burden, it "must show that the relevant factors weigh strongly in favor of transfer." *Winnett*, 2006 U.S. Dist. LEXIS 95973, at *5 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964)); *see also Reese*, 574 F.3d at 320 (stating that, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" (quotation marks omitted)).

The defendant primarily argues that, because all of its witnesses are located in Colorado, the convenience of those witnesses requires the transfer of this case to Colorado. (Docket No. 21 at 3-4.) It is true that "[t]he convenience of the witnesses is often considered to be the most important factor when determining which forum is the most convenient." *Oakley v. Remy Int'l, Inc.*, No. 2:09-0107, 2010 U.S. Dist. LEXIS 10821, at *11 (M.D. Tenn. Feb. 5, 2010). But "the

3

convenience of witnesses who are a party's employees . . . will not generally be given the same consideration as is given to [the convenience of] other witnesses." *Zimmer Enters. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 991 (S.D. Ohio 2007); *see also Kyphon*, 578 F. Supp. 2d at 963 ("Convenience of *non-party* witnesses, as opposed to employee witnesses, is one of the most important factors . . . ."). Here, the only potential Colorado witnesses identified by the defendant are its own employees. Moreover, all of the plaintiff's employees with knowledge regarding the alleged delinquencies are located in Nashville. Section 1404(a) does not allow for transfer "if that transfer would only shift the inconvenience from one party to another." *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008). Thus, if this factor favors transfer to Colorado at all, it weighs only slightly in favor.

The defendant further argues that the relevant evidence – that is, the defendant's payroll and contribution records from the relevant years – is located either in Colorado (with the defendant) or in Maryland (with the auditors). (Docket No. 21 at 4.) But the defendant was obviously able to send the relevant documents, via electronic means or via the postal service, to the auditors in Maryland. (*See* Docket No. 30 ¶ 10.) Nothing indicates that the documents are so voluminous that their shipment will impair the parties' ability to conduct a trial in this district. In addition, it appears that the Fund houses copies of at least some of the relevant documents in Nashville. (*Id.* ¶ 6.) Again, if this factor favors transfer, it weighs only slightly in favor. *See Winnett*, 2006 U.S. Dist. LEXIS 95973, at *17-18 ("[C]ourts often do not give the location of documents, alone, substantial weight, since 'records can be shipped . . . for trial with minor inconvenience and cost.'").

Ultimately, these two factors do not outweigh the plaintiff's choice of forum.[4] Ordinarily, a plaintiff's choice to file in its home district receives some measure of deference. *Id.* at *7; *Kyphon*, 578 F. Supp. 2d at 962. In ERISA cases, however, the "[p]laintiff's venue selection is given even greater deference . . . , as ERISA's special venue provision, 29 U.S.C. § 1132(e)(2), reflects Congress' intention to protect the financial integrity of such pension funds by allowing these funds to bring all collection suits in their home districts." *Int'l Painters & Allied Trades Indus. Pension Fund v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54, 56 (D.D.C. 2004); *see also Winnett*, 2006 U.S. Dist. LEXIS 95973, at *15 (holding that ERISA plaintiffs receive a "heightened level of deference" in their choice of forum); *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D.

---

[4] To the extent that the other § 1404 factors are relevant, they are neutral. First, neither party has indicated that subpoenas will be required to secure the testimony of unwilling witnesses. Second, the parties have not estimated how many of their respective employees will testify, so it impossible to estimate the costs of obtaining willing witnesses. The court notes that, regardless of the trial venue, the parties can take pretrial depositions of the defendant's employees in Colorado. Third, the defendant argues that "all of the events related to King Soopers' pension contributions occurred in Colorado" (Docket No. 21 at 4), but the delinquent payments were apparently sent from Colorado to Tennessee. Fourth, the defendant argues that the location of the parties' respective residences favors transfer (Docket No. 21 at 4), but the Fund resides in Tennessee.

Furthermore, if anything, public-interest and systemic factors favor keeping the action in the Fund's home district. *See Tri-State Interiors*, 357 F. Supp. 2d at 57-58 ("If allegedly delinquent pension fund contributors . . . were regularly granted venue transfers, pension funds . . . would be forced to incur enormous, if not prohibitively high, expenses to collect unpaid monies – a situation Congress explicitly sought to prevent when it enacted ERISA's special venue provisions."); *Sullivant*, 508 F. Supp. 2d at 479 ("Because the Fund is based in this district and files the vast majority of its actions for withdrawal liability here, retention favors a consistent interpretation of the law to the Fund."); *Baylor Heating*, 702 F. Supp. at 1261 (noting the "interest [that] funds have in being subject to uniform interpretations of ERISA and their plans" and that, "[i]f compelled to litigate in multiple circuits . . ., this important interest is undercut.").

Va. 1988) (exploring additional policy rationales for the heightened deference). Consequently, courts often find that an ERISA plaintiff's choice of forum precludes transfer. *E.g.*, *Shanehchian*, 251 F.R.D. at 291-92; *Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477, 479 (E.D. Va. 2007); *Kiley v. AchieveGlobal, Inc.*, No. 3:05-CV-1658, 2006 U.S. Dist. LEXIS 59921, at *11, 14 (D. Conn. Aug. 24, 2006); *Winnett*, 2006 U.S. Dist. LEXIS 95973, at *15, *22; *Tri-State Interiors, Inc.*, 357 F. Supp. 2d at 58; *Dugan v. M & W Dozing & Trucking, Inc.*, 727 F. Supp. 417, 419 (N.D. Ill. 1989). *But see Oakley*, 2010 U.S. Dist. LEXIS 10821, at *18 (transferring an action filed on behalf of a putative class of ERISA beneficiaries because the other factors heavily favored transfer and because the action's only connection to the forum was "the happenstance that one of the named Plaintiffs, out of a putative class of sixty-seven, chose to retire here").

Here, the defendant has simply failed to overcome the heightened deference that the court must give the Fund's choice to litigate in its home district. Accordingly, the court will decline to transfer this action to the District of Colorado.

## CONCLUSION

For the reasons stated herein, the defendant's Motion to Transfer Venue (Docket No. 21) is **DENIED**.

It is so Ordered.

Entered this 18th day of April 2011.

_____
ALETA A. TRAUGER
United States District Judge