IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PACE INDUSTRY UNION-<br>MANAGEMENT PENSION FUND, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>KING SOOPERS, INC.,<br><br>Defendant. | Case No: 3:11-cv-00148<br><br>Judge Aleta A. Trauger |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER

A Case Management Conference in this Action will be held before the Court on April 25, 2011. Pursuant to Local Rule 16.01(d)(2), Plaintiffs, PACE Industry Union-Management Pension Fund (the "Fund") and its Trustees, and Defendant Dillon Companies, d/b/a King Soopers ("King Soopers"), have agreed upon and the Court hereby enters this Initial Case Management Order providing as follows:

A. **Jurisdiction and Venue:**

This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1337. Jurisdiction is not disputed.

B. **Brief Theories of the Parties:**

    1. **Plaintiffs' Theory of the Case:** At all relevant times, pursuant to ERISA Section 515, 29 U.S.C. § 1145, one or more collective bargaining agreements with PACE Local 5-920, and other written agreements between the Fund and Defendant, Defendant

was required to make monthly contributions to the Fund. At all relevant times, Defendant also was bound to the Fund's Amended and Restated Agreement and Declaration of Trust and Delinquent Policy. On October 13, 2008, the Fund conducted a payroll audit through which the Fund determined that Defendant owes the Fund $53,107.24 in pension contributions for the months of January 2003 through December 2006. Defendant made a payment of $5,342.03 on or around October 27, 2007, which was credited toward the payroll audit delinquency. Thus, $47,765.21 is owed to the Fund in pension contributions for the months of January 2003 through December 2006. Pursuant to the Fund's Delinquency Policy, Defendant also owes $11,698.53 for the cost of the audit. Finally, pursuant to ERISA Section 502, 29 U.S.C. § 1132, Defendant also owes interest and liquidated damages with respect to the delinquent contributions, and the Fund's attorneys' fees and costs.

2. **Defendant's Theory of the Case:** Defendant denies that it owes the Fund any additional pension contributions, interest, liquidated damages, audit costs or attorney fees. Although Plaintiffs' auditors conducted a review of payroll records, Plaintiffs have stated different amounts as due and owing at different times. Despite Defendant's repeated requests that the Fund provide the auditors' basis and documentation for concluding that additional contributions were due, the Fund provided none of the relevant information for two years and in October 2010, provided only limited information. In February 2008, the Fund reported as due and owing $178,831.65 in contributions and interest, and cautioned that "facts and circumstances may be revealed in the future that would change such conclusions." In December 2008, the Fund reported as due and owing only $72,454.53 in contributions and interest, and made the same caution about changing facts. In October 2009, the Fund reported a total of $72,804.40 in contributions and interest and threatened suit within 20 days. On April 14, 2010, the Fund

reported additional interest for 2009 in the amount of $10,328.30, but on April 27, 2010, the fund reported interest for 2009 of only $1,564.41 and interest in 2008 of $260.00, amounts inconsistent with the total of $72,804.40 for October of 2009. In October 2010, the Fund demanded $75,749.04 and threatened suit within 20 days. In response to repeated requests for documentation, on October 19, 2010, the Fund provided documentation from the auditors dated December 11, 2008. The documentation specified $53,107.24 as the amount of the contributions at issue, interest through October 2008 of $12,990.79, and the cost of the audit as $11,698.53. The documentation did not reveal how the auditors determined the allegedly unreported hours that were relevant for the asserted unpaid contributions. The auditors have represented that they used "certain agreed upon procedures" to arrive at their conclusions. The Fund has represented that "a payroll audit is designed to obtain reasonable assurance, not absolute assurance that no delinquent contributions are due . . ."

Plaintiff Trustees, acting beyond their authority under the Trust Agreement, have adopted a set of limited procedures that calculate allegedly delinquent contributions on an unexplained basis. The calculations appear to be at odds with the formula specified in the collective bargaining agreement. Defendant's calculation of amounts due, based on the terms of the collective bargaining agreement at issue, yielded a total of $5,342.03 due and owing. Defendant paid that amount in October 2007. Defendant owes no additional amount.

Plaintiffs have delayed providing any supporting documentation and have delayed taking any action to have the courts determine their rights, resulting in harm to Defendant's interests. Defendant requests equitable relief from Plaintiffs' demands.

    C.    **Issues Resolved**: Jurisdiction; Venue.

    D.    **Issues Still in Dispute**: Liability; Damages.

E. **Initial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will make their initial disclosures on or by May 9, 2011.

F. **Discovery**: The parties will complete all written discovery and depose all fact witnesses before October 1, 2011. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. **Motions to Amend**: The parties will file all Motions to Amend on or before August 15, 2011.

H. **Disclosure of Experts**: If necessary, Plaintiffs will identify and disclose all expert witnesses and expert reports on or before July 15, 2011. If necessary, Defendant will identify and disclose all expert witnesses and expert reports on or before August 15, 2011.

I. **Depositions of Expert Witnesses**: If necessary, the parties will depose all expert witnesses on or before September 16, 2011.

J. **Joint Mediation Report**: The parties will file a Joint Mediation Report on or before ~~October 14,~~ Sept. 15, 2011.

K. **Dispositive Motions**: The parties will file all dispositive motions on or before November 15, 2011. Responses to dispositive motions will be filed within twenty (20) days after service. Optional replies will be filed within ten (10) days after service of the response. Briefs will not exceed 20 pages. No motion for partial summary judgment will be filed except upon leave of court. Any party wishing to file such a motion will first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

L. **Electronic Discovery**: The parties have reached agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

The parties have conferred regarding the disclosure and discovery of electronically stored information, including the form or forms in which it should be produced. At this time, the parties do not anticipate that electronic discovery in this case will be intensive and agree that producing electronically-stored information in hard-copy format is appropriate. The parties also do not anticipate any issues relating to the preservation of electronic information. This case is expected to involve very little, if any, electronic information and, consequently, there is little concern over the deletion of pertinent information by way of the routine operation of computer systems. The parties will instruct any custodians of records not to destroy any pertinent electronic data and that any electronically stored information may be produced in paper form only.

M. **Estimated Trial Time**: The parties expect the trial to last approximately 2 days.

It is so **ORDERED**.

ENTERED this 25th day of April, 2011.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

/s/ Sarah G. Naji
Allison A. Madan
Sarah G. Naji

snaji@slevinhart.com
SLEVIN & HART, P.C.
1625 Massachusetts Ave., N.W., Suite 450
Washington, D.C. 20036
Phone: (202) 797-8700
Fax: (202) 234-8231

W. Michael Hamilton
mhamilton@provostumphrey.com
TN Bar No. 10720
PROVOST UMPHREY LAW FIRM LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
Phone: (615) 269-8892
Fax: (615) 256-5922

*Attorneys for Plaintiffs*

/s/ Alonda W. McCutcheon
Alonda W. McCutcheon
Bass, Berry & Sims
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-6200

Raymond M. Deeny
Sherman & Howard, LLC
90 S Cascade Avenue
Suite 1500
Colorado Springs, CO 80903
(719) 475-2440

William A. Wright
Sherman & Howard, LLC
633 17th Street
Suite 3000
Denver, CO 80202
(303) 297-2900

*Attorneys for Defendant*
359968